UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EDWARD CRESPO, an individual,

    Plaintiff,

vs.

BUTLER & HOSCH, P.A., a Florida
professional association,

    Defendant.
_____/

## COMPLAINT

Plaintiff, EDWARD CRESPO, sues Defendant, BUTLER & HOSCH, P.A., and alleges the following:

### JURISDICTION, VENUE, PARTIES AND JURY DEMAND

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., which is within this Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S. C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c), and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

3. Plaintiff, EDWARD CRESPO (hereinafter "Crespo"), at all times material to this lawsuit was and is a resident of Broward County, Florida.

4. Defendant, BUTLER & HOSCH, P.A., is a professional association organized and existing under the laws of Florida, and does substantial and not isolated business within the territory of the Southern District of Florida.

5. Defendant is subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes § 48.193, in that it conducts substantial and not isolated business within the Southern District of Florida and otherwise has sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting it to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

6. Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

7. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, performed or excused.

8. Plaintiff has retained the undersigned law firm as his legal counsel in connection with this action, and is obligated to pay reasonable attorney's fee and all costs incurred in connection therewith.

## GENERAL ALLEGATIONS

9. Bank of America, N.A. ("BoA"), the original creditor, claims to possess a note and mortgage enforceable against Crespo. BoA filed a foreclosure action against Crespo, which action was subsequently dismissed by the Broward Circuit Court as a discovery sanction for BoA's failure to produce records of Crespo's account.

10. Based on the BoA foreclosure action, and based on a number of subsequent cease and desist letters sent by Crespo to BoA by which Crespo informed BoA that he is represented by legal

counsel, BoA at all times material hereto has had actual knowledge of the fact that Crespo is represented by legal counsel and that Crespo demanded cessation of communication from BoA.

11. On April 3, 2012, Crespo's legal counsel was contacted by the managing attorney of Defendant's Florida Litigation Department, Dennis Moore, Esq., on behalf of BoA. In an email of that date, Mr. Moore on behalf of Defendant stated: "Butler & Hosch represents Bank of America in relation to a mortgage involving the above referenced individual [Crespo]. Do you represent this individual in this matter. Please let me know at your earliest convenience or contact me with any questions. Thank you."

12. The same day, Crespo's legal counsel responded to the foregoing inquiry, stating unequivocally, "Yes, I do." The following day, Mr. Moore on behalf of Defendant acknowledged the response, stating, "Thank you." A true and correct copy of the foregoing correspondence is attached hereto as Exhibit "A" and is incorporated herein by this reference.

13. On December 28, 2012, Defendant sent to Crespo at his home address a debt collection letter, a true and correct copy of which is attached hereto as Exhibit "B" and is incorporated herein by this reference.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Crespo realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

16. The actions of Defendant as alleged herein and to be proven at trial – sending debt collection correspondence to Crespo with actual knowledge that Crespo was represented by legal

counsel, and continuing correspondence after BoA's receipt of cease and desist correspondence – constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) and § 1692c(c), sufficient to warrant liability under 15 U.S.C. § 1692k.

17.     Defendant's debt collection letter attached hereto as Exhibit "B" fails to comply with 15 U.S.C. § 1692g insofar as Defendant fails therein to provide written notice to Crespo: a) of the amount of the debt claimed; b) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and (c) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, sufficient to warrant liability under 15 U.S.C. § 1692k.

18.     Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries from anger, insomnia, anxiety, nervousness, irritability, indignation, and pain and suffering caused by the acts and omissions alleged herein.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for actual damages, special damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k, interest, and for such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

19.     Crespo realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

20. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq.

21. The action of Defendant as alleged herein and to be proven at trial – sending debt collection correspondence to Crespo with actual knowledge that Crespo was represented by legal counsel – constitutes a violation of the Consumer Collection Practices Act, Florida Statutes § 559.72(18), sufficient to warrant liability under Florida Statutes § 559.77.

22. Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries from anger, insomnia, anxiety, nervousness, irritability, indignation, and pain and suffering caused by the acts and omissions alleged herein.

23. The actions of Defendant as alleged herein were accomplished with sufficient intentional misconduct or gross negligence so as to warrant an award of punitive damages against Defendant, insofar as numerous correspondences were directed at BoA informing it that Crespo was represented by legal counsel such that knowledge of the representation was imputed to Defendant, and because Defendant itself contacted that legal counsel to confirm Crespo's representation by legal counsel in that matter and obtained that confirmation, only to ignore the representation and send debt collection correspondence directly to Crespo.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for actual damages, special damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to § 559.77, Fla. Stats., interest, and for such other and further relief as the Court deems just and proper.

DATED: January 8, 2013

        Respectfully submitted,

        HOLIDAY RUSSELL, P.A.
        Attorney for Plaintiff
        3858 Sheridan Street
        Hollywood, Florida 33021
        Telephone: 954.920.5153
        Facsimile: 954.920.5126
        Email: hhrussell@holidayrussell.com

By: s/Holiday Hunt Russell
      HOLIDAY HUNT RUSSELL
      FL BAR NO.: 955914